

FILED

MAR 2 7 2023

9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

MINALEAH A KOFFRON,
   Plaintiff,

Case No. 23- *O168*· CD

**Curtis J. Bell**

v

PORTAGE PUBLIC SCHOOLS,
MARK BIELANG, SUPERINTENDENT and
NATHAN A. LEDLOW, INTERIM PRINCIPAL
OF PORTAGE NORTHERN HIGH SCHOOL
(in their individual and governmental capacities)

Defendants.
_____
  MARLA LINDERMAN RICHELEW (P55759)
  Linderman Law PLLC
  531 Woodgrove Drive
  Ann Arbor, MI 48103
  (810)220-0600
  lindermanlaw@sbcglobal.net
  Attorney for Plaintiff
_____

## PLAINTIFF'S VERIFIED EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER, AN ORDER TO SHOW CAUSE, A PRELIMINARY INJUNCTION, AND AN EXPEDITED HEARING ON THE MERITS

NOW COMES Plaintiff Minaleah A. Koffron, with counsel, who requests that this Court issue a temporary restraining order and order to show cause why a preliminary injunction should not be issued pursuant to MCR 3.310 against Defendants for the following reasons and those set forth in the attached Brief in Support:

## SUMMARY

Plaintiff is a student who cannot attend school functions on Jewish holy days without violating her religion. Despite having multiple years of advance written notice that May 26, 2023, is a Jewish holy day, and that Plaintiff cannot attend programs on that date, Defendants scheduled Plaintiff's graduation ceremony on said date. To mitigate the ramifications of Defendant's exclusionary scheduling of graduation, Defendants must immediately change the graduation date and be enjoined from behavior that increases the potential for antisemitic retaliation against Plaintiff and other religious minorities.

## FACTUAL BACKGROUND

1. This motion is filed contemporaneous with a Complaint and Jury Demand regarding unlawful discrimination against Plaintiff because of her religion.

2. Defendant Portage Public Schools is a Michigan School District operating in Kalamazoo County, Michigan.

3. Defendant Mark Bielang is the Superintendent of Portage Public Schools.

4. Defendant Nathan Ledlow is the Interim Principal at Portage Northern High School.

5. Defendants, collectively and individually, have authority to schedule and reschedule school events, such as Portage Northern High School's graduation ceremony.

6. Plaintiff Minaleah A. Koffron is an observant Jewish student in the twelfth grade at Portage Northern High School.

7. Plaintiff, as a Jew is a member of a protected group under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq

8.      Plaintiff's religion prohibits her participation in school programs/events on certain designated holy days throughout the year.

9.      As detailed in the accompanying Affidavit of Saraphoena B. Koffron, since 2012, she has issued written notices to Defendant Portage regarding the Jewish holy days, requesting that when Defendant Portage sets its yearly calendar, it not schedule important educational activities, events or programs during times when her children and other observant Jews would be excluded from participating.

10.     Defendant Mark Bielang has been the Superintendent of Portage Public Schools since 2013.

11.     During Defendant Bielang's employment as Superintendent, he has received numerous complaints regarding the scheduling of events/programs on Jewish holy days.

12.     Defendant Bielang has actual knowledge that scheduling events on Jewish holy days results in the discriminatory exclusion of observant Jewish students.

13.     Following Portage Northern High School scheduling a homecoming dance on Yom Kippur in 2017, Superintendent Bielang promised he would communicate with building administrators and district administrators to develop calendaring policies that would prevent the exclusion of observant Jewish students from major events.

14.     Defendant Nathan Ledlow was the Assistant Principal at Portage Northern High School from 2015 until 2022, when he became the Interim Principal of the school.

15.     During Nathan Ledlow's employment as Assistant Principal and Interim Principal, he was apprised of complaints regarding the scheduling of events/programs on Jewish holy days.

16.    Defendant Nathan Ledlow has actual knowledge that scheduling events on Jewish holy days results in the discriminatory exclusion of observant Jewish students.

17.    Plaintiff began attending Portage Northern High School in September 2019.

18.    A letter was sent to Portage Northern High School on September 3, 2019, with a chart that listed all Jewish holy days through the 2026-2027 school year.

19.    Said chart specifically noted that May 26, 2023, was the Jewish holy day of Shavuot.

20.    Shavout is a Jewish holiday where observant Jews are prohibited from working, including but not limited to, attending educational programs or events.

21.    A letter was sent to Portage Northern High School on August 31, 2021, with a chart that listed all Jewish holy days through the 2029-2030 school year.

22.    Said chart specifically noted that May 26, 2023, was the Jewish holy day of Shavuot.

23.    Per communications with Defendant Ledlow, the 2023 graduation date was set in the early months of 2022, which was during the 2021-2022 school year.

24.    Per communications with Defendant Ledlow, Portage Northern High School does not have a formal calendaring policy to ensure that religious minorities have an equal opportunity to participate in educational activities and programs.

25.    Per communications with Defendant Ledlow on March 3, 2023, events within Portage Northern High School, such as graduation are essentially "set by one person" without oversight.

26.     Per communications with Defendant Ledlow, his primary reason why he will not correct the discriminatory scheduling of graduation is because he does not want "300 angry emails" from parents.

27.     Plaintiff reached the age of majority in late December 2022.

28.     On or about February 17, 2023, Plaintiff and her parents reviewed the Senior Guide and realized that her graduation was scheduled for the Jewish holy day of Shavuot.

29.     As detailed in the accompanying affidavit of Mrs. Koffron, she began good faith discussions with Defendants on Monday, February 21, 2023, to mitigate the negative effects of Defendants' exclusionary scheduling of graduation by moving graduation date without court intervention.

30.     Despite the importance of this issue, it was not until Wednesday, March 22, 2023, that Mrs. Koffron received a final decision from Defendants that they would not change the graduation date.

31.     Defendant Ledlow admitted, in a March 23, 2023, letter, that "high school graduation is a significant event for students and their families," referring to it as a "significant milestone."

32.     If the graduation date is not moved, then Plaintiff will be denied the opportunity to participate in the graduation ceremony with her peers unless she violates her religious beliefs.

### LIKELIHOOD OF SUCCESS ON THE MERITS

33.     Defendants are subject to the provisions of anti-discrimination policies promulgated by the Portage Public Schools' Board of Education, who, within its formal

policies, "acknowledges that it is prohibited from adopting any policy or rule respecting or promoting an establishment of religion or prohibiting any person from the free, individual, and voluntary exercise or expression of the individual's/person's religious beliefs." state "the Superintendent shall [...] review current and proposed programs, activities, facilities, and practices to ensure that all students have equal access thereto and are not segregated on the basis of the Protected Classes in any duty, work, play, classroom, or school practice, except as may be permitted under State regulations[.]"

34.    Defendants are prohibited from "discriminat[ing] against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."

35.    Defendants have knowingly discriminated against Plaintiff by denying her the full utilization of and benefit from Portage Northern High School, and the services, activities and/or program provided by Portage Northern High School because of her religion.

36.    Defendants are prohibited from "exclud[ing]... limit[ing], or otherwise discriminat[ing] against an individual...enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex."

37.    Defendants have knowingly excluded, limited and discriminated against Plaintiff, an enrolled student, in the terms, conditions and privileges of the institution because of her religion.

38.    Defendants allowed the scheduling of Plaintiff's graduation on a date that they knew would exclude Plaintiff from being able to attend because of her religion.

39.    Defendants are prohibited from "deny[ing] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

a place of public accommodation or public service because of religion...." See MCL 37.2302.

40.     Defendants are denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of Defendant, a public accommodation and service because of Plaintiff's religion.

41.     Defendants refused to rectify their violation of the law despite having ample time to do so and lacking a rational basis for refusing to rectify their violation.

42.     The scheduling of graduation on Shavuot is a violation of Defendant Portage Public School's own anti-discrimination policy.

43.     The scheduling of graduation on Shavuot, with knowledge that doing so would exclude any observant Jewish student from participating, is a violation of the equal opportunity and public accommodation provisions within the Elliott-Larsen Civil Rights Act, at MCL 37.2402(a) and MCL 37.2302.

44.     The scheduling of graduation on Shavuot, and the failure to reschedule it, violates Article I, §4 of the Michigan Constitution of 1963, which guarantees that all persons shall be free to exercise their religions without governmental interference.

45.     "When [a] law [or policy] forces an individual to choose between following her religious beliefs or forfeiting benefits, the law [or policy] places a substantial burden on the individual's free exercise of religion." *Dahl v Board of Trustees of Western Michigan University*, 2021 U.S. Dist. LEXIS 167041, 2021 WL 3891620 at *2, citing *Living Water Church of God v. Charter Twp. of Meridian*, 258 F.App'x 729, 734 (6th Cir. 2007).

46.     To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a

suspect class, or has no rational basis." *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006). As we have held, the "threshold element of an equal protection claim is disparate treatment; once disparate treatment is shown, the equal protection analysis to be applied is determined by the classification used by government decision-makers." *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

47.     Defendants consider many other considerations in calendaring dates throughout the year, providing preference to other students, such as to ensure that members of sport teams can attend school functions, but have refused to consider protected characteristics, such as religion, in making calendaring decisions.

48.     The scheduling of graduation on Shavuot, and the failure to reschedule it, is a violation of the free-exercise and equal-protection provisions in the First and Fourteen Amendments to the United States Constitution.

## COMPARATIVE HARM

49.     The exclusion of Plaintiff from graduation is a part of a long-term pattern and practice of excluding religious minorities from having the equal opportunity to fully utilize of, or benefit from, educational activities and programs based on religion.

50.     Plaintiff will suffer irreparable harm if she is excluded from her graduation ceremony on the basis of her religion.

51.     The irreparable harm that Plaintiff will experience if injunctive relief is not granted is exacerbated by prior years of emotional harm, and the physical manifestations thereof, caused by Defendants exclusionary practices and policies.

52. Having the graduation ceremony on a Jewish holy day does not serve any important governmental interest.

53. As detailed below, Defendants will suffer no harm if graduation is moved from Friday, May 26, 2023, to another date before the end of the school year.

54. Portage Northern High School's graduation is held at Miller Auditorium, on the Western Michigan University campus.

55. The currently scheduled date of graduation is on Shavuot, which is also the Friday before Memorial Day weekend this year. Miller Auditorium is available on the Tuesday and Wednesday directly after Memorial Day, and other dates before the end of the 2022-2023 school year.

56. Miller Auditorium will not charge a fee and there will be no additional costs to changing the graduation date so long as they have some advance notice and has requested to be notified by mid-April 2023.

57. Defendants have emphasized that the conveniences of non-minority students and their families are a priority consideration.

58. However, almost 450 students and teachers have signed a petition making it clear that Defendants' concern that they would be inconveniencing other students if they rescheduled graduation is an excuse to justify its pattern and practice of discrimination.

59. Moreover, if there is an inconvenience, the inconvenience was caused by Defendant Portage Public Schools' pattern and practice of refusing to follow the law and following a calendaring policy that has a discriminatory exclusion effect on religious minorities.

60.     Asking Defendant Portage Public Schools to follow a calendaring policy that *does not have a discriminatory exclusion effect* on religious minorities is not a burden; numerous Michigan public schools have followed such policies for years.

61.     The inconvenience that non-minority students and families will experience if Defendants correct their exclusionary scheduling of graduation has been exacerbated by Defendants' month-long delay in providing a final decision as to whether they would correct the graduation date without court intervention.

62.     The inconvenience to non-minority students and families would be minimized if a temporary restraining order is issued forthwith.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.      Grant a Temporary Restraining Order requiring Defendants to comply with Michigan's Elliott-Larsen Civil Rights Act, Michigan's Constitution of 1963 and the United State's Constitution, Amendments I and XIV by scheduling graduation on a date for its 2022-2023 graduating high school that is not a Jewish holy day;

B.      Order an expedited show cause hearing to be held regarding this matter; and/or

C.      Upon the presentation of evidence, enter an injunctive order that requires Defendants to reschedule the graduation to an alternate date that is not otherwise a Jewish, Muslim, or Hindu holy date, so Plaintiff and other religious minorities are not excluded because of her religion;

Respectfully submitted on March 27, 2023,

LINDERMAN LAW, PC

By: _____

Marla Linderman Richelew (P55759)

*I verify, swear, and affirm, under penalty of perjury, that the factual allegations herein are true to the best of my information, knowledge, and belief.*

Date: __3 - 27 - 23_____       _____

Minaleah A. Koffron
Plaintiff

**AFFIDAVIT**

STATE OF MICHIGAN     )
                             ) ss

COUNTY OF KALAMAZOO   )

      Minaleah A. Koffron, being duly sworn, affirms that the statements below are true to the best of her information, knowledge, and belief, and states:

1.    I am Jewish.

2.    As an observant Jew, I cannot participate in school programs/events on designated holy days throughout the year, such as Shavuot, without violating my religious beliefs.

3.    I have been a student within Portage Public Schools since kindergarten. I am now a twelfth-grade student at Portage Northern High School, within the Portage Public Schools district.

4.    Despite request for PPS to consider Jewish holy days in scheduling, I have been excluded from attending events, programs, and activities.

5.    As an example, during my junior year of high school, I could not attend Prom because the school, despite having notice, scheduled it for the evening of Saturday, April 16, 2022, which was a Jewish holy day of Passover.

6.    The Jewish holy day of Shavuot begins the evening of Thursday, May 25, 2023, and continues through Friday, May 26, 2023, until Shabbat begins at sundown that night.

7.    I turned eighteen in late December 2022. I am a competent adult.

8.    On March 15, 2023, my friends and I began to circulate a petition to change the graduation date. In just two days, over 430 Portage Northern students and Portage Public School teachers signed the petition.

9.  On March 17, 2023, I wrote to Superintendent Bielang, Principal Ledlow, and the Portage Public Schools board members directly. I provided them with the petition results and requested that they change the date of graduation so I could attend.

10. On Monday, March 20, 2023, I received messages from my friends that Principal Ledlow went to a Student Senate meeting and spoke about my request to change the graduation date in a negative manner.

11. I felt that Principal Ledlow's discussion with the Student Senate was meant to get them to put pressure on me to stop talking about being excluded from graduation.

12. If my high school does not move the date of graduation, I will not be able to attend.

13. After working hard to reach this milestone, I will be devastated if I cannot attend and celebrate graduation with my peers.

*I verify, swear, and affirm that I have personal knowledge of the facts set forth in this affidavit, and, if sworn as a witness, can testify competently to these facts.*

Dated: 3-27-23

s: _Minaleah Koff_
by: Minaleah A. Koffron

STATE OF MICHIGAN       )
                        ) ss.
COUNTY OF KALAMAZOO      )

Signed and sworn to before me by Minaleah A. Koffron, whose identification was verified, in Kalamazoo County, Michigan, on this twenty-seventh day of March, 2023.

Cathy A. Zackery
Notary Public
Kalamazoo County, Michigan
My Commission Expires: 07/11/2027

CATHY A. ZACKERY
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires    July 11, 2027
Acting In the County of  Kalamazoo

2

**AFFIDAVIT**

STATE OF MICHIGAN          )
                           ) ss
COUNTY OF KALAMAZOO        )

Saraphoena B. Koffron, being duly sworn, affirms that the statements below are true to the best of her information, knowledge, and belief, and states:

1.  My husband, my children, and I are Jewish.

2.  We moved to Portage in late 2009.

3.  Soon after moving to Portage, I learned that the district and schools create their calendars in the spring of each year.

4.  At some point in the early years, I made an inquiry in January/February to participate in the calendaring meetings but was unable to attend because the purported calendaring meeting had not been set yet.

5.  Afterwards, I made an inquiry in March/April but was unable to attend because the purported meeting had already occurred.

6.  In a subsequent year, I inquired at just the right time but was unable to attend because I am just a parent.

7.  To ensure that the schools had sufficient notice, I have issued letters to each school that my children have attended within the Portage Public School system every single in-person school year since at least 2012. These letters provided notice to the schools of the Jewish holy days, requesting that when the schools set their calendars, that they not schedule important educational activities, events or programs during times when my children would be excluded from participating.

8.  In addition to issuing letters, over the years I have had several informal meetings and calls with various principals, teachers, and parent-teacher association leaders, regarding the scheduling of school events, programs, and activities on Jewish holy days.

9.   When my daughter Minaleah was in elementary school, I began volunteering with school functions because I was led to believe that the continued scheduling of events on holy days could be fixed if I attended parent-teacher organization meetings and volunteered more.

10.  When volunteering for events and attending the parent-teacher organization meetings did not fix the exclusionary scheduling of events and activities, I was led to believe the problem would be fixed if I gave more advance notice.

11.  I sent the above-referenced letters to Portage Northern High School specifically at the start of the 2012-2013 **(PX03)**,[1] 2013-2014 **(PX04)**, 2014-2015, and 2015-2016 **(PX05)** school years, when my eldest son attended that school.

12.  In September 2015, Portage Northern High School's open house was scheduled on Yom Kippur.

13.  In September 2015, I communicated with Defendant French about the scheduling of Open House on Yom Kippur, wherein he stated that there had been "many discussions with district administration" regarding the school schedule. **(PX06)**.

14.  In September 2016, when events and activities continued to be scheduled in a manner where my children could not attend, I began including a multi-year chart of Jewish holy days with my annual letters. **(PX07)**.

15.  My daughter, Minaleah A. Koffron, began attending Portage Northern High School in September 2019. I wrote a letter to Portage Northern High School on September 3, 2019, with a chart that listed all Jewish holy days through the 2026-2027 school year. Said chart specifically noted that May 26, 2023, was the Jewish holy day of Shavuot. **(PX14)**.

16.  I wrote a letter to Portage Northern High School on August 31, 2021, with a chart that listed all Jewish holy days through the 2029-2030 school year. Said chart specifically noted that May 26, 2023, was the Jewish holy day of Shavuot. **(PX15)**.

---

[1] Plaintiff's exhibits are referenced herein as "PX##".

17.     On or about Friday, February 17, 2023, Minaleah reviewed the Senior Guide with me and my husband. At that time, we realized that her graduation was scheduled for the Jewish holy day of Shavuot.

18.     On Monday, February 21, 2023, I emailed Defendant Ledlow, some teachers, and the Portage Public School District's compliance officer, Bradley Galin. **(PX16).** Therein, I specifically referenced Portage Public School's anti-discrimination and equal-opportunity policy, notified them of their calendaring error, and asked that they change the date of the graduation ceremony.

19.     On Wednesday, February 23, 2023, Defendant Ledlow replied to my email, asking if I could meet with him in person. We scheduled a meeting for Friday, March 3, 2023.

20.     During the March 3, 2023, meeting, Defendant Ledlow:

   a.   Disclosed that the 2023 graduation date was set in the early months of 2022, which was during the 2021-2022 school year.

   b.   Disclosed that Portage Northern High School does not have a formal calendaring policy to ensure that religious minorities have an equal opportunity to participate in educational activities and programs.

   c.   Disclosed that events within Portage Northern High School, such as graduation, are essentially "set by one person" without oversight.

   d.   Claimed that he did not have the power to change the graduation ceremony date.

   e.   Expressed that a primary reason for not moving the date of graduation was that he was concerned that he would get "300 angry emails" from other parents.

   f.   Repeatedly mentioned how much he wanted to be hired by the school district for the open non-interim principal position.

   g.   Promised that he would call the venue where the graduation ceremony is to be held, to determine if any alternate dates were available for graduation.

   h.   Promised that he would make inquiries into the expense of moving the date of the graduation ceremony and the corresponding student celebration known as "Grad Bash."

3

21.  On Wednesday, March 8, 2023, Defendant Ledlow telephoned me. During our call:

    a.  He advised me that he considers himself an honest individual and that he wanted to "be very straight" with me by letting me know that when he made promises on March 3, 2023—to call the graduation venue about alternate dates and to find out what the expense of moving the date would be—that he had not actually intended to do so,

    b.  He advised me that he had not made any calls about alternate dates or expenses because even if alternate dates were available at no cost he would still not change the date of graduation.

    c.  He advised me that he actually does have the authority to change the graduation date, but that he will not do so unless Mr. Galin, the Assistant Superintendent, or Defendant Superintendent Bielang told him to.

22.  Portage Northern High School graduation ceremony is to be held at Miller Auditorium on Western Michigan University's campus. The morning of Monday, March 13, 2023, I confirmed that the auditorium was available on Tuesday, May 30, 2023, Wednesday, May 31, 2023, and other dates around that time.

23.  During my call with Miller Auditorium on March 13, 2023, I confirmed that there would be no additional fees or costs to the school if it is moved to Tuesday, May 30, 2023, Wednesday, May 31, 2023, or any of the other available dates.

24.  I have reviewed the Portage Public School District's calendar, and Portage Northern High School's calendar, and there are no events on the school's calendar for those alternate May dates.

25.  In the afternoon of March 13, 2023, I was copied on communications between Defendant Superintendent Bielang and the Regional Director for the Michigan office of the Anti-Defamation League, regarding graduation being scheduled on Shavuot. **(PX18)**

26.  On March 13, 2023, I issued a detailed memorandum to Bradley Galin detailing our request for our daughter to have an equal opportunity to participate in graduation and other matters **(PX19).**

27.  In the afternoon of March 13, 2023, my husband and I, along with a representative

4

from the Jewish community's religious school, met with Bradley Galin.

28.    During the meeting with Mr. Galin, I provided him with the information from Miller Auditorium. I also told him that we intended to take legal action (and request injunctive relief) if the school district did not correct its exclusionary scheduling of graduation.

29.    During the meeting with Mr. Galin, he explained that moving the graduation date is "above his pay grade". He promised that he would talk with Defendant Superintendent Bielang, and that I would receive Defendant Bielang's decision by Friday, March 17, 2023.

30.    On Friday, March 17, 2023, I received an email from Mr. Galin that notified me there was not yet a decision. **(PX21).**

31.    On the morning of Wednesday, March 22, 2023, Defendant Ledlow, Defendant Bielang, and I were copied on an email sent on behalf of the Jewish community of greater Kalamazoo, including the Congregation of Moses, Temple B'nai Israel, ChaBaD, and the Jewish Federation of Southwest Michigan, addressed to Defendant Portage Public Schools, regarding graduation being scheduled on Shavuot. **(PX22).**

32.    On Wednesday, March 22, 2023, I received an emailed letter from Mr. Galin that notified me that a decision had been made to not change the date of graduation. **(PX23).**

33.    On Thursday, March 23, 2023, I received an emailed letter from Defendant Ledlow which was addressed and issued to a mass email list for Portage Northern Parents, which confirmed the graduation date to be Friday, May 26, 2023. **(PX24).**

5

*I have personal knowledge of the facts set forth in this affidavit, and, if sworn as a witness, can testify competently to these facts.*

Dated: March 27, 2025

s: _____
by: Saraphoena B. Koffron

STATE OF MICHIGAN )
                  ) ss.
COUNTY OF KALAMAZOO )

    Signed and sworn to before me by Saraphoena B. Koffron, whose identification was verified, in Kalamazoo County, Michigan, on this twenty-seventh day of March, 2023.

Cathy A. Zackery
Notary Public
Kalamazoo County, Michigan
My Commission Expires: 07/11/2027

CATHY A. ZACKERY
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF KALAMAZOO
My Commission Expires July 11, 2027
Acting in the County of Kalamazoo

6

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

MINALEAH A KOFFRON,
Plaintiff,                                    Case No. 23-  *O/68*  CD

v                                             Curtis J. Bell

PORTAGE PUBLIC SCHOOLS,
MARK BIELANG, SUPERINTENDENT and
NATHAN A. LEDLOW, INTERIM PRINCIPAL
OF PORTAGE NORTHERN HIGH SCHOOL
(in their individual and governmental capacities)

Defendants.
_____
MARLA LINDERMAN RICHELEW (P55759)
Linderman Law PLLC
531 Woodgrove Drive
Ann Arbor, MI 48103
(810)220-0600
lindermanlaw@sbcglobal.net
Attorney for Plaintiff
_____

**BRIEF IN SUPPORT OF PLAINTIFF'S VERIFIED MOTION**

A Court can order a preliminary injunction based on an ex parte motion

where the moving party can show that the public will not be harmed, that the

moving party will be harmed, that the opposing party will not be harmed, that the

moving party has a likelihood of success on the merits and irreparable harm will

occur if the order is not entered.  See e.g. Addison Twp. v Department of State

Police (1996) 220 Mich App 550, 560 NW2d 67, app den (1997).

It is illegal to deny a student the ability to attend graduation because of their

religion. MCL §37.2302, 37.2402; Article I§4 of the Michigan Constitution of 1963;

The Constitution of the United States, Amendment I and XIV. Here, Plaintiff, after working toward the tremendous accomplishment of graduating from high school for these past 12 years, is being denied the ability to attend her graduation because of her religion. See affidavits of Plaintiff and Saraphoena B. Koffron and accompanying exhibits.

Here, Defendants were aware from the time Plaintiff entered its school doors, that she was requesting that it consider that she was an observant Jew in calendaring important activities, programs, and celebrations. Defendants literally had years of specific notice of when Shavuot was and a request to not schedule any important event, such as graduation, during Jewish holidays. Over and over again Defendants violated Plaintiff's rights, despite promises to do better.

Plaintiff, now an adult and able to bring this action, attempted to go through the process internally to work with the schools. Throughout the process, Defendants acted to delay Plaintiff's actions to enforce her rights. Defendants claimed that they could not move graduation because the venue would charge them an additional charge; this claim turned out to be false as the venue has stated that there would be no additional charge. Defendants then claimed that they couldn't schedule graduation on another day close in time because of scheduled sports games, making it clear that Defendants were willing to change their schedules to accommodate students who play sports but not because of legally

protected characteristics like religion, a clear equal protection violation. However, again, reviewing the calendar, it turned out that there were no sports games that would be affected. Over and over again, Defendants have misled and provided false information and reasons to Plaintiff to justify denying her the right to attend her graduation because of her religion.

Defendants have also claimed that they cannot change graduation because, even if they violated the law, it will inconvenience others. Almost 450 students and teachers have exposed the falsity of this reason by signing a petition supporting changing the graduation date so Plaintiff can attend graduation. Moreover, the public will be harmed if graduation is not rescheduled as it will denigrate the rights to be free from illegal discrimination under the law and our Constitutions. If a public entity can knowingly violate the law and discriminate in this manner without consequence, why would anyone trust their right to be free from sexual harassment or racism in employment if the Courts will not protect these rights?

The people affected are high school seniors. The very best life lesson that can be taught to them is this case is that the law does matter, that the Courts will protect their rights from illegal discrimination, and that our laws actually mean something. Defendants may be embarrassed by having their callousness exposed, but the public will benefit by this Court enforcing some of the most basic and cherished laws of Michigan and the United States of America.

Plaintiff has already had to miss last year's Prom and countless other events because of Defendants' refusal to consult the Jewish calendar without any rational justification, much less reasons that would satisfy strict scrutiny. To deny Plaintiff the ability to walk across the stage with her peers, to hold her diploma high, to show that what they learned in their Government class is true, that the law is there to ensure that each of them the right to practice their religion, to exercise free speech, to due process and equal protection under the law, will cause irreparable harm to Plaintiff, and perhaps to her peers. Therefore, denying Plaintiff the right to attend graduation with her peers, solely because of her religion, will cause irreparable harm that cannot be adequately compensated under the law.

Finally, Plaintiff has a great likelihood of success. An allegation that Defendants' activities are having a chilling effect on plaintiffs' exercise of protected First Amendment activity is generally sufficient to make a prima facie showing of irreparable harm. See *Dombrowski v. Pfister*, 380 U.S. 479, 485-89, 14 L. Ed. 2d 22, 85 S. Ct. 1116 (1965). Defendant has continuously forced Plaintiff to choose between her religion and her education. Opportunities for life lessons learned during high school events through peer interaction have been deprived to her. Defendants' actions have had a chilling effect on Plaintiff's religion. And, here, Defendants have a hard burden of proof that it must meet.

They had prior knowledge. They had promised to do better. They have an obligation to serve as an example to the young minds that they seek to educate. They are doing those minds a disservice by ignoring the law and dismissing the importance of diversity, equity, and inclusiveness. Defendants' reasons have been proven to be without foundation and any other reason that they give at this point is not a reason considered previously—it's an excuse to justify their inappropriate behavior.

There are no important governmental interests in keeping Plaintiff from graduation; there are important governmental interests that would allow Plaintiff to attend graduation. Similarly, Defendant's denial is not substantially related to the achievement of an important governmental objection. *Department of Civil Rights ex rel. Forton v. Waterford Township Dep't of Parks & Recreation*, 425 Mich. 173, 186 (Mich. 1986). This is clear discrimination and violation of fundamental constitutional rights.

## CONCLUSION

For the reasons stated in this motion and brief, Plaintiff respectfully requests that this Honorable Court issue the temporary restraining order requested, and set a hearing for a show cause hearing on why a preliminary/permanent injunction should not be entered.

Respectfully submitted on March 27, 2023,

LINDERMAN LAW, PC

By: _____

Marla Linderman Richelew (P55759)

P167571

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

MINALEAH A KOFFRON,
Plaintiff,

Case No. 23- *O/ 68* CD

v

PORTAGE PUBLIC SCHOOLS,
MARK BIELANG, SUPERINTENDENT and
NATHAN A. LEDLOW, INTERIM PRINCIPAL
OF PORTAGE NORTHERN HIGH SCHOOL
(in their individual and governmental capacities)

Defendants.

MARLA LINDERMAN RICHELEW (P55759)
Linderman Law PLLC
531 Woodgrove Drive
Ann Arbor, MI 48103
(810)220-0600
lindermanlaw@sbcglobal.net
Attorney for Plaintiff

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

## VERIFIED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Minaleah A. Koffron, with counsel, who states as follows:

### GENERAL ALLEGATIONS

1.     Plaintiff Minaleah A. Koffron is a student at Portage Northern High School.

2.     Defendant Portage Public Schools ("Portage") is a Michigan school district operating in Kalamazoo County, Michigan.

3.     Defendant Mark Bielang is the Superintendent of Portage Public Schools.

4.     Defendant Nathan Ledlow is the Interim Principal at Portage Northern High School, and was formerly the Assistant Principal at Portage Northern High School.

5.     At all material times, Plaintiff has been a student attending Portage Northern High School in the Portage Public School District.

6.     Plaintiff is Jewish.

7.     As part of Plaintiff's religious observation as a Jew, there are several days during the year where she is prohibited from attending school or school events, including but not limited to holy days such as Rosh Hashanah, Yom Kippur and Shavuot.

8.     Plaintiff is currently a twelfth-grade student at Portage Northern High School, within the Portage Public Schools district.

9.     Since 2012, Plaintiff's parent has sent Defendant Portage annual notices of the Jewish holy days and Shabbat requesting that when Defendant Portage sets its yearly calendar it not schedule important educational activities, events or programs during times where their children would be excluded from participating.

10.    According to Defendant Portage's Policy Manual:

> The Board acknowledges that it is prohibited from adopting any policy or rule respecting or promoting an establishment of religion or prohibiting any person from the free, individual, and voluntary exercise or expression of the individual's/person's religious beliefs. However, such exercise or expression may be limited to lunch periods or other non-instructional time periods when individuals are free to associate.

11.     According to Defendant Portage's anti-discrimination policy:

Any form of discrimination or harassment can be devastating to an individual's academic progress, social relationship and/or personal sense of self-worth. [...] the Board of Education does not discriminate on the basis of race, color, national origin, sex (including sexual orientation or gender identity), disability, age (except as authorized by law), religion, military status, ancestry, or genetic information (collectively, "Protected Classes") in its educational programs or activities.

[...]

Equal educational opportunities shall be available to all students, without regard to the Protected Classes, age (unless age is a factor necessary to the normal operation or the achievement of any legitimate objective of the program/activity), place of residence within the boundaries of the District, or social or economic background, to learn through the curriculum offered in this District. Educational programs shall be designed to meet the varying needs of all students.

12.     Also according to Defendant Portage's anti-discrimination policy, "the Superintendent shall [...] review current and proposed programs, activities, facilities, and practices to ensure that all students have equal access thereto and are not segregated on the basis of the Protected Classes in any duty, work, play, classroom, or school practice, except as may be permitted under State regulations[.]"

13.     Despite its stated policies, Defendant Portage has failed to consider the Jewish holidays in setting its calendar despite numerous requests by Plaintiff's parent.

14.     Plaintiff began attending Portage Northern High School in September 2019.

15.     A letter was sent to Portage Northern High School on September 3, 2019 containing a chart that listed all Jewish holy days all the way through the end of the 2026-2027 school year.

16. A letter was sent to Portage Northern High School on August 31, 2021, providing notice that scheduling events on Jewish holy days results in the discriminatory exclusion of observant Jewish students such as Plaintiff.

17. The August 31, 2021, letter contained a chart that listed all Jewish holy days through the 2029-2030 school year.

18. Both the 2019 and 2021 charts specifically noted that May 26, 2023, was the Jewish holy day of Shavuot.

19. Defendant Mark Bielang has been the Superintendent of Portage Public Schools since 2013.

20. In the course of Defendant Bielang's employment, he has been made aware on numerous occasions, over a period of numerous years, that Defendant Portage was denying Plaintiff the full utilization of or benefit from the institution, including but not limited to the services, activities or programs of the institution based on Plaintiff's religion.

21. Following Portage Northern High School scheduling a homecoming dance on the Jewish holy day of Yom Kippur in 2017, Superintendent Bielang promised he would communicate with building administrators and district administrators to develop calendaring policies that would prevent the exclusion of observant Jewish students from major events.

22.     Despite this fact, with knowledge, Defendant Bielang failed to put policies

in place to stop the excusion of Jewish students and allowed the scheduling of Plaintiff's

graduation on a date that he knew would exclude Plaintiff from being able to attend

because of her religion.

23.     Defendant Nathan Ledlow was the Assistant Principal at Portage Northern

High School from 2015 until 2022, when he became the Interim Principal of the school.

24.     During Nathan Ledlow's employment as Assistant Principal and Interim

Principal, he also was made aware of the need to consider the Jewish holidays in

scheduling school services, activities and programs.

25.     Despite this fact, with knowledge, Defendant Ledlow allowed the

scheduling of Plaintiff's graduation on a date that he knew would exclude Plaintiff from

being able to attend because of her religion and has refused to change the date despite

having ample time to change the date.

26.     The amount in controversy is at least Twenty-Five Thousand Dollars

($25,000.00) but jurisdiction is also by statute.

## COUNT I
## ELLIOTT-LARSEN CIVIL RIGHTS ACT
## MCL 37.2301 et seq. MCL 37.2401 et seq.

27.     Plaintiff realleges and incorporates by reference each of the above

allegations.

28.     Plaintiff, as a Jew, is a member of a protected group under the Elliott-Larsen Civil Rights Act.

29.     Defendant has knowingly discriminated against Plaintiff, excluding her and limiting her in the full utilization of or benefit from the institution, or the services, activities, or programs, based on her religion, including but not limited to purposefully scheduling graduation on Shavuot.

30.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff will not be able to attend graduation with her peers and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A.     Non-economic damages in whatever amount above $25,000.00 Plaintiff is found to be entitled;

B.     Injunctive relief to require Defendant to reschedule the graduation so Plaintiff is not excluded because of her religion;

C.     Equitable Relief to ensure that Defendant does not engage in this type of discrimination again and such equitable relief as the Court deems just; and

D.     An award of costs, interest and reasonable attorney fees.

## COUNT II
## ARTICLE 1, S.4 OF THE
## MICHIGAN CONSTITUTION OF 1963

31.     Plaintiff realleges and incorporates by reference each of the above

allegations.

32.     MCLS Const. Art. I, § 4 states:

> Every person shall be at liberty to worship G-d according to the
> dictates of his own conscience. No person shall be compelled to
> attend, or, against his consent, to contribute to the erection or
> support of any place of religious worship, or to pay tithes, taxes
> or other rates for the support of any minister of the gospel or
> teacher of religion. No money shall be appropriated or drawn
> from the treasury for the benefit of any religious sect or society,
> theological or religious seminary; nor shall property belonging to
> the state be appropriated for any such purpose. The civil and
> political rights, privileges and capacities of no person shall be
> diminished or enlarged on account of his religious belief.

33.     Defendants have knowingly engaged in actions that violate Plaintiff's

constitutional rights to worship G-d according to the dictates of her own conscience and

which excludes her from a public educational service due to her religion.

34.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff will

not be able to attend graduation with her peers and has suffered mental anguish, physical

and emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant

as follows:

> A.     Non-economic damages in whatever amount above $25,000.00
> Plaintiff is found to be entitled;

B.      Injunctive relief to require Defendant to reschedule the graduation so Plaintiff is not excluded because of her religion;

C.      Equitable Relief to ensure that Defendant does not engage in this type of discrimination again and such equitable relief as the Court deems just; and

D.      An award of costs, interest and reasonable attorney fees.

## COUNT III
## FIRST AND FOURTEENTH AMENDMENT OF THE
## UNITED STATES CONSTITUTION

35.     Plaintiff realleges and incorporates by reference each of the above allegations.

36.     The First Amendment protects the citizens of the United States of America's right to practice religion and protects them from illegal discrimination and exclusion because of their religious beliefs.

37.     The First Amendment states:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

38.     The Fourteenth Amendment states:

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

39.     Defendants have knowingly engaged in actions that violate Plaintiff's constitutional rights to worship G-d according to the dictates of her own conscience and which excludes her from a public educational service due to her religion.

40.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff will not be able to attend graduation with her peers and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as follows:

A.     Non-economic damages in whatever amount above $25,000.00 Plaintiff is found to be entitled;

B.     Injunctive relief to require Defendant to reschedule the graduation so Plaintiff is not excluded because of her religion;

C.     Equitable Relief to ensure that Defendant does not engage in this type of discrimination again and such equitable relief as the Court deems just; and

D.     An award of costs, interest and reasonable attorney fees.

Respectfully submitted on March 27, 2023,

LINDERMAN LAW, PC

By: _____

Marla Linderman Richelew (P55759)

*I verify, swear, and affirm, under penalty of perjury, that the factual allegations herein are true to the best of my information, knowledge, and belief.*

Date: __3-27-23__          _____

Minaleah A. Koffron, Plaintiff

# JURY DEMAND

NOW COMES the Plaintiff, through counsel, and hereby demands trial by jury in the above captioned matter.

Respectfully submitted on March 27, 2023,

LINDERMAN LAW, PC

By: _____

Marla Linderman Richelew (P55759)

F I L E D

MAR 2 8 2023

9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO  MICHIGAN

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **JURY DEMAND** | 2023- $O168$ -CD |
| 9th - **JUDICIAL CIRCUIT** | | |
| Kalamazoo **COUNTY** | | Curtis J. Bell |

Court address
150 E. Crosstown Parkway, Kalamazoo, Michigan 49001

Court telephone no.
(269) 393-8837

| Plaintiff(s) name(s) | | Defendant(s) name(s) | | |
|---|---|---|---|---|
| Minaleah A. Koffron | v | Portage Public Schools & Mark Bielang | & Nathan Ledlow | |

Plaintiff's address and telephone no. or attorney name, bar no., address, and telephone no.

Marla Linderman Richelew (P55759)
Linderman Law, PLLC
531 Woodgrove Drive      (810) 220-0600
Ann Arbor, MI 48103      lindermanlaw@sbcglobal.net

| | |
|---|---|
| 8107 Mustang Drive | 8107 Mustang Drive | 1000 Idaho Avenue |
| Portage, MI 49002 | Portage, MI 49002 | Portage, MI 49024 |
| Phone: (269) 323-5000 | Phone: (269) 323-5148 | Phone : (269) 323-5455 |
| | mbielang@portageps.org | nledlow@portageps.org |

☐ Probate      In the matter of _____

☐ Juvenile      In the matter of _____

1. I demand a jury trial.

Mar 28, 2023
Date

_Linderman Marla (Mar 28, 2023 14:32 CDT)_
Signature

Approved, SCAO
Form MC 22, Rev. 4/19
MCL 600.857(3), MCL 600.2529(1)(c),
MCR 2.508, MCR 2.509, MCR 3.911

Form Distribution:
Original - Court
1st copy - Plaintiff/Petitioner
2nd copy - Defendant/Respondent

FILED

MAR 2 7 2023

9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

MINALEAH A KOFFRON,
Plaintiff,

Case No. 23-  *0168*  CD

Curtis J. Bell

v

PORTAGE PUBLIC SCHOOLS,
MARK BIELANG, SUPERINTENDENT and
NATHAN A. LEDLOW, INTERIM PRINCIPAL
OF PORTAGE NORTHERN HIGH SCHOOL
(in their individual and governmental capacities)

Defendants.
_____
 MARLA LINDERMAN RICHELEW (P55759)
 Linderman Law PLLC
 531 Woodgrove Drive
 Ann Arbor, MI 48103
 (810)220-0600
 lindermanlaw@sbcglobal.net
 Attorney for Plaintiff
_____

### PLAINTIFF'S EXHIBIT LIST FOR HEARING ON TEMPORARY RELIEF

NOW COMES, Plaintiff Minaleah A. Koffron, through counsel, who submits the

following list of proposed exhibits for the hearing on the *Verified Motion for a*

*Temporary Restraining Order et seq.*

1. Affidavit of Minaleah A. Koffron dated March 27, 2023;

2. Affidavit of Saraphoena B. Koffron dated March 27, 2023;

3. Letter to Defendant Portage Public Schools via Portage Northern High School
   dated September 14, 2012;

4. Letter to Defendant Portage Public Schools via Portage Northern High School
   dated September 3, 2013;

5. Letter to Defendant Portage Public Schools via Portage Northern High School dated September 9, 2015;

6. Email communications from Defendant Portage Public Schools via Portage Northern High School dated 09-13-2015 re Open House;

7. Letter to Defendant Portage Public Schools via Portage Northern High School dated September 23, 2016;

8. Letter to Defendant Portage Public Schools via Portage North Middle School dated September 18, 2017;

9. Letter to Defendant Portage Public Schools via Portage Northern High School from Congregation of Moses, September 2017;

10. Letter to Defendant Portage Public Schools via Portage Northern High School from Jewish Federation of Southwest Michigan, September 2017;

11. Letter to Defendant Portage Public Schools via Portage Northern High School from Chabad of West Michigan, September 2017;

12. Email from Defendant Bielang dated July 5, 2018;

13. Letter to Defendant Portage Public Schools via Portage North Middle School dated September 7, 2018;

14. Letter to Defendant Portage Public Schools via Portage Northern High School dated September 3, 2019;

15. Letter to Defendant Portage Public Schools via Portage Northern High School dated August 31, 2021

16. Email to Defendants dated February 21, 2023;

17. Email to Defendant Ledlow dated March 8, 2023;

18. Letter to Defendant Portage Public Schools via Defendant Bielang from Anti-Defamation League dated March 13, 2023;

19. Memorandum to Defendant Portage Public School via Portage Public Schools' Compliance Officer Galin dated March 13, 2023;

20. Email from Plaintiff to Defendants dated March 17, 2023, with Petition results (redacted);

21. Email from Defendant Portage Public Schools' Compliance Officer Galin dated March 17, 2023;

22. Letter to Defendants dated March 22, 2023, from Jewish Community Leaders

23. Letter from Defendant Portage Public Schools' Compliance Officer Galin dated March 22, 2023;

24. Letter from Defendant Ledlow dated March 23, 2023;

25. Portage Public Schools' Policy 5780 titled Student/Parent Rights, adopted September 14, 2015;

26. Portage Public Schools' Policy 2260 titled Nondiscrimination and Access to Equal Educational Opportunity, last revised May 10, 2021;

*Plaintiff reserves the right to amend this list to include additional exhibits identified through on-going discovery, or necessary for rebuttal.*

Respectfully submitted on March 27, 2023,

LINDERMAN LAW, PC

By:

Marla Linderman Richelew (P55759)
Attorney for Plaintiff

FILED

MAR 2 9 2023

9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

MINALEAH A KOFFRON,
  Plaintiff,

Case No. 23- *O/68* CD

**Curtis J. Bell**

v

PORTAGE PUBLIC SCHOOLS,
MARK BIELANG, SUPERINTENDENT and
NATHAN A. LEDLOW, INTERIM PRINCIPAL
OF PORTAGE NORTHERN HIGH SCHOOL
(in their individual and governmental capacities)

Defendants.
_____
  MARLA LINDERMAN RICHELEW (P55759)
  Linderman Law PLLC
  531 Woodgrove Drive
  Ann Arbor, MI 48103
  (810)220-0600
  lindermanlaw@sbcglobal.net
  Attorney for Plaintiff
_____

### ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER, AND REQUIRING DEFENDANTS TO APPEAR AND SHOW CAUSE

At a session of said Court held in the City of Kalamazoo,
County of Kalamazoo, State of Michigan, on the 29th day
of *March,* 2023

PRESENT: HONORABLE ___**Curtis J. Bell**___

THIS MATTER came before the court on Plaintiff's March 27, 2023, *Verified Ex Parte Motion for a Temporary Restraining Order, an Order to Show Cause, Preliminary Injunction, and an Expedited Hearing on the Merits,* per MCR 3.310(A), requesting a Temporary Restraining Order requiring Defendants to comply with Michigan's Elliott-Larsen Civil Rights Act, Michigan's Constitution of 1963 and the United State's

Constitution, Amendments I and XIV by scheduling graduation on a date that is not a Jewish holy day and that Defendants Portage Public Schools, Defendant Mark Bielang (Superintendent), and Defendant Nathan Ledlow (Interim Principal) be ordered to appear and show cause as to why a permanent injunctive order should not be issued.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED:

1.    A Temporary Restraining Order is granted requiring Defendants to comply with Michigan's Elliott-Larsen Civil Rights Act, Michigan's Constitution of 1963 and the United State's Constitution, Amendments I and XIV by scheduling graduation on a date for its 2022-2023 graduating high school that is not a Jewish holy day;

2.    Defendants Portage Public Schools, Mark Bielang (Superintendent), and Nathan Ledlow (Interim Principal of Portage Northern High School) shall personally appear before this Court on _Friday_, _May 12_, 2023, at _9:00_ a.m./p.m. to _via zoom (Meeting ID: 427 723 9751_ show good cause as to why an injunctive order should not be granted. _Passward: 056913_

3.    This shall be a virtual court room proceeding within the Civil Trial Division of the Ninth Circuit Court. Further information regarding the methods available for participating in this hearing are detailed in the attachment to this Order.

4.    Failure to appear for the above-referenced hearing may result in the issuance of a bench warrant.

5.    This is not a final order, and this matter remains pending.

_____

HONORABLE

Respectfully submitted by:
Marla Linderman Richelew (P55759)
Linderman Law, PLLC
Counsel for Plaintiff
531 Woodgrove Drive
Ann Arbor, MI 48103
(810) 220-0600
lindermanlaw@sbcglobal.net