UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MINALEAH A. KOFFRON,

    Plaintiff,

v.

    CASE No. 1:23-cv-327

    HON. ROBERT J. JONKER

PORTAGE PUBLIC SCHOOLS, et al.,

    Defendants.

_____/

## ORDER DECLINING SUPPLEMENTAL JURISDICTION AND REMANDING STATE LAW CLAIMS

Plaintiff filed this suit on March 27, 2023, in Kalamazoo County Circuit Court asserting federal constitutional, and state statutory and constitutional, theories. Defendants removed the lawsuit to this Court on March 30, 2023, based on this Court's original jurisdiction over the Federal claim. Supplemental jurisdiction under 28 U.S.C. § 1367 provides the only basis for jurisdiction over the State claims. Plaintiff asks the Court to decline the exercise of supplemental jurisdiction over the State claims in Counts I and II of the Verified Complaint and to remand those claims to the Kalamazoo County Circuit Court. (ECF No. 4). Defendants have filed a response that opposes Plaintiff's request to remand the State claims. (ECF No. 8). Based on all matters of record, and for the following reasons, the Court declines to exercise supplemental jurisdiction over the State law claims and remands them. The case will proceed here only on the federal First Amendment claim.

# SUPPLEMENTAL JURISDICTION

Courts may exercise supplemental jurisdiction "over all other claims that are so related to claims . . . within . . . original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). A claim is part of the same case or controversy as a claim with original jurisdiction if the two "derive from a common nucleus of operative fact such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation marks omitted). Courts may decline to exercise supplemental jurisdiction when:

1. the claim raises a novel or complex issue of State law,
2. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3. the district court has dismissed all claims over which it has original jurisdiction, or
4. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Transp. Co. v. Penn Central Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (internal quotation omitted).

The defendants assert the Court has no discretion to decline supplemental jurisdiction under Section 1367(a) without finding an applicable subsection in Section 1367(c). Assuming that is correct, the Court finds that both paragraphs 1 and 4 apply here. State and federal law on parallel claims are not necessarily identical. This is especially true on new theories of relief under broad based constitutional protections or general anti-discrimination statutes. Here, for example, Defendants have already identified one federal Court of Appeals decision in their favor on whether

the First Amendment prohibits setting a graduation ceremony on a religious holy day.[1] The Court is unaware of any pre-existing state law precedent on how the State's own constitutional provision or the State's Elliot-Larsen Act may apply to the same question. The State Court should be the one to decide, in the first instance, how the particular facts alleged in this case apply to the state law theories, especially in a matter of public concern concerning a public entity.[2] The Court discerns no reason why the State Court will be unable to fairly adjudicate these claims.

Accordingly, the Court declines to exercise supplemental jurisdiction over the State claims in Counts I and II of the Verified Complaint. Those counts are remanded to the Kalamazoo County Circuit Court.

**IT IS SO ORDERED.**

Dated:  April 5, 2023          /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               UNITED STATES DISTRICT JUDGE

---

[1] *See Smith by Smith v. Board of Education, North Babylon Union Free School District*, 844 F.2d 90 (2d Cir. 1988) (First Amendment did not require school to reschedule graduation ceremony for a day that did not fall within Jewish Sabbath).

[2] Defendants say that Michigan courts interpreting Elliot-Larsen may look to Title VII cases for guidance. But Title VII is not at issue here and no case under Elliot-Larsen has addressed the issue here. Moreover, the language of the State's constitutional provision on Freedom of Worship (Article 1, Section 4) is considerably different than the text of the First Amendment to the Constitution of the United States. And no state appellate court has applied it to the issue here.